**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:25-CR-20022-HUCK

UNITED STATES OF AMERICA,

v.

FRANCESCO RANDO,

     Defendant.

_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

    **THIS CAUSE** was before the Court following an Order of Referral to conduct a proceeding for acceptance of a guilty plea by Defendant Francesco Rando.  Based upon the change of plea hearing conducted on April 24, 2025, the undersigned makes the following findings and recommends that the guilty plea be accepted.

1.    This Court advised Defendant of his right to have these proceedings conducted by the District Judge assigned to the case and that this Court was conducting the change of plea hearing pursuant to an Order of Referral from the District Court.  This Court further advised Defendant that the District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence.  This Court advised Defendant that he did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by the District Judge assigned to the case.  Defendant, Defendant's attorney, and the Assistant United States Attorney all consented on the record to this Court conducting the change of plea hearing.

1

2.      This Court conducted a plea colloquy in accordance with the outline set forth in the Bench Book for District Judges and in accordance with Federal Rule of Criminal Procedure 11.

3.      Defendant pled guilty to Count 1 of the Indictment, which charges him with wire fraud, in violation of 18 U.S.C. § 1343.  The Court advised Defendant that the maximum sentence that may be imposed is a sentence of up to 20 years of imprisonment, followed by a term of supervised release of up to three years.  In addition to any term of imprisonment, the Court may impose a fine of up to $250,000.00, or twice the gross gain or loss from the offense, and the Court will assess a mandatory special assessment of $100.00, which is due and the Defendant has agreed is due to be paid at the time of sentencing.  Defendant was also advised of the possibility of restitution, forfeiture, and the potential for immigration consequences including deportation. Defendant acknowledged that he understood the possible maximum penalties that could be imposed in the case.

4.      To set forth the factual basis for the entry of the plea, the Government proffered the facts it would have established at trial.  The Government established all the essential elements of the crime to which Defendant is pleading guilty.  Defendant acknowledged that the facts proffered by the Government were accurate, and defense counsel agreed that the proffer satisfied all elements of the crime charged. The written Factual Proffer, signed by Defendant after reviewing with his counsel, was made part of the docket.

5.      The Parties entered into a written plea agreement that thereafter was filed with the Court. I reviewed that plea agreement on the record and Defendant acknowledged that he had reviewed the entire agreement, which was translated into Italian, with counsel before he signed it. Defendant acknowledged that he is satisfied with his attorney and that he has had a full opportunity to discuss all facets of his case with his attorney. Defendant indicated that he has reviewed discovery with counsel.

6.      Based upon all of the foregoing and the plea colloquy conducted by this Court, the undersigned finds that Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charge and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense.

Therefore, the undersigned **RECOMMENDS** that Defendant be found to have freely and voluntarily entered his guilty plea to Count 1 of the Indictment filed in this case, and that Defendant be adjudicated guilty of that offense.

A pre-sentence investigation report is being prepared for the District Court by the United States Probation Office.  The undersigned recommends that a sentencing hearing be set by separate order.

The Parties will have **SEVEN (7)[1] CALENDAR DAYS** from the date of service of this Report and Recommendation within which to file written objections, if any, for consideration by the United States District Judge.  Pursuant to Federal Rule of Criminal Procedure 59(b), Eleventh Circuit Rule 3-1, and accompanying Internal Operating Procedure 3, the Parties are hereby notified that failure to object in accordance with 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.  *See Thomas*

---

[1] Government counsel indicated that a week was requested within which to file objections.

3

*v. Arn*, 474 U.S. 140 (1985).

      **RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida, this 24th day of April, 2025.

                                    _____
                                    LAUREN F. LOUIS
                                    UNITED STATES MAGISTRATE JUDGE

cc:    The Honorable Paul C. Huck
        Counsel of record